## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     **ORDER**
                                       Criminal File No. 13-182 (01) (MJD/LIB)

CHRISTOPHER JAMES DIESTLER,

        Defendant.

Lola Velazquez-Aguilu, Assistant United States Attorney, Counsel for Plaintiff.

Andrew Mohring, Assistant Federal Defender, Counsel for Defendant.

On July 28, 2014, the Government filed a Motion to Amend Restitution

Order [Docket No. 43] with the Court.   Restitution was ordered at sentencing on

July 24, 2014, in the amount of $184,588, which includes the $182,350 Defendant

stole from his employer Granite City Armored Car ("GCAC"), plus $2,238 in

legal fees.

The Government now requests that the Court amend this restitution

amount by adding $11,095, which represents the total amount of a "no-claims

bonus" that GCAC would have received from its insurer at the end of the year

but for Defendant's actions.  Adding this amount would result in restitution totaling $195,683.

The Government requested this restitution amount in its sentencing position paper, which the Court considered before the sentencing hearing. [Docket No. 33, at 7-8]  In both its position paper and its motion now before the Court, the Government argues that awarding the $11,095 amount is consistent with the purpose of the Mandatory Victims Restitution Act ("MVRA"): to put the victim in the position the victim would have been in but for the offense conduct. See United States v. Gossi, 608 F.3d 574, 581 (9th Cir. 2010).

The Government's current motion, however, is procedurally barred.  There are two ways a restitution amount can be altered at this stage: (1) the restitution amount can be kept open, or (2) the Sentencing Judgment may be changed to correct an error.  First, the restitution amount can be kept open for 90 days after sentencing if the Government files a notice "that the victim's losses are not ascertainable."  18 U.S.C. § 3664(d)(5).  Here, no such notice was filed, and GCAC's losses were ascertainable soon after the offense.  This is demonstrated by the PSI and the Government's position paper [Docket No. 33], which present uncontested and exact amounts of GCAC's losses.

Second, the Court, having considered the Government's request prior to sentencing, has not committed any error by ordering restitution of $184,588.  The Court may correct the Sentencing Judgment to address "arithmetical, technical, or other clear error," within 14 days after sentencing pursuant to Federal Rule of Criminal Procedure 35(a); beyond 14 days, the Court may correct a "clerical error" or any error in the Sentencing Judgment "arising from oversight or omission."  See Fed. R. Crim. P. 35(a), 36.  However, no such errors have occurred here.  Before the sentencing hearing, the Court considered the Government's request for the $11,095 amount.  After considering the request, the Court order the amount it found to be appropriate under the MVRA.

Even if the motion were properly before the Court, however, the Government has failed to provide adequate authority supporting why the no-claims bonus would be compensable under the MVRA.  In the context of the MVRA, the Court assumes that GCAC's inability to receive a no-claims bonus is best categorized as lost income.  The MVRA only authorizes the Court to reimburse the victim for lost income if a victim has suffered bodily injury or if expenses were "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §

3663A(b)(4).  The latter circumstance is the only circumstance relevant to the Government's motion.

GCAC's inability to receive a no-claims bonus is not a result of GCAC's participation in proceedings or the investigation and prosecution of the offense; rather, the no-claims bonus was not received because GCAC had to file insurance claims as a result of the offense.  See, e.g., United States v. Dayea, 73 F.3d 229 (9th Cir. 1995) (holding that increased insurance costs were at best considered lost income but were not compensable as restitution under 18 U.S.C. § 3663A(b)(4)). Without more persuasive authority from the Government, the Court was not inclined to interpret the no-claims bonus as a loss under the MVRA for which restitution could be awarded, and the Court remains disinclined to do so. Therefore, the Court will deny the Government's motion.  The restitution amount remains as ordered: $184,588.

Accordingly, based on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that the Government's Motion to Amend Restitution Order [Docket No. 43] is **DENIED.**

Dated:   August 12, 2014                         s/ Michael J. Davis
                                                 Michael J. Davis
                                                 Chief Judge
                                                 United States District Court